ORIGINAL

# In the United States Court of Federal Claims

No. 18-189C

(Filed:  June 12, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| **MARTA STEKELMAN** | ) | Claim for an increased retirement annuity; 5 |
| **AND HERMAN EDELMAN,** | ) | U.S.C. §§ 8401-79; subject matter |
|  | ) | jurisdiction |
| **Plaintiffs,** | ) | |
|  | ) | |
| **v.** | ) | |
|  | ) | |
| **THE UNITED STATES,** | ) | |
|  | ) | |
| **Defendant.** | ) | |

**FILED**

**JUN 1 2 2018**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Marta Stekelman and Herman Edelman, *pro se*, Neptune, New Jersey.

Kristin B. McGrory, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Civil Division, and Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiffs, Dr. Marta Stekelman and Mr. Herman Edelman, wife and husband, seek monetary relief and attorney's fees in a suit contesting an alleged miscalculation of Dr. Stekelman's retirement annuity by the United States Office of Personnel Management Retirement Services ("OPM").  Compl. at 7.  Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims.  *See generally* Def.'s Mot. to Dismiss Pls.' Compl. ("Def.'s Mot."), ECF No. 8.  The plaintiffs have responded in opposition.  *See generally* Pls.' Opp'n, ECF No. 9.

## BACKGROUND

Dr. Stekelman had been employed for thirty-two years and two months by the United States Department of Defense as a medical doctor.  Compl. at 3.  Upon her retirement in 2010, Dr. Stekelman applied for retirement annuity benefits offered under 5 U.S.C. §§ 8401-79.  *See*

7017 1450 0000 1346 2120

Compl. at 3. Calculation of a retirement annuity is determined by considering the "highest average salary during any three year period" of employment and the length of employment with the federal government. Compl. Attach. at 2.[1]

In November 2010, OPM determined that Dr. Stekelman's highest average salary in a three-year employment period was $143,784, which yielded a monthly gross annuity of $5,720. Compl. at 4 & Attach. at 4. Dr. Stekelman sent a request for OPM to reconsider its calculation in August 2012 in light of the physician's comparability allowance she received in addition to her salary. *See* Compl. at 3-5; 5 U.S.C. § 5948. She argued that OPM was required to consider this additional income when calculating her monthly gross annuity. Compl. at 3 & Attach. at 3. Reconsideration was denied in October 2016.

Dr. Stekelman appealed the denial in November 2016 to the Merit Systems Protection Board ("MSPB"). Compl. at 5. MSPB did not grant interim relief to Dr. Stekelman, but in September 2017, it ordered OPM to recalculate Dr. Stekelman's highest average salary by including her physician's comparability allowance. Compl. at 5 & Attach. at 5-6. In January 2018, OPM recalculated Dr. Stekelman's highest average salary and concluded that her monthly gross annuity should have been and would continue to be $6,150. Compl. at 6 & Attach. at 7. To account for the difference between the annuity previously paid and that awarded, on January 18, 2018, OPM by letter granted Dr. Stekelman a one-time back-payment of $24,483. Compl. at 6 & Attach. at 7. Dr. Stekelman subsequently sent a letter to OPM on January 25, 2018, stating that her back-payment had been incorrectly calculated and that the correct sum was $78,232. Compl. Attach. at 8. There is no indication in the materials submitted by the parties that OPM ever responded to Dr. Stekelman's letter.[2] Thereafter, plaintiffs subsequently filed a complaint in this court in February 2018. Compl. at 1.

Plaintiffs allege that Dr. Stekelman is entitled to a larger back-payment than that granted by OPM, as well as interest on the monthly gross annuity amounts. Compl. at 6. Plaintiffs also claim that Mr. Edelman has acted as Dr. Stekelman's legal representative and is entitled to an attorney's fee equal to one-third of the final award granted to Dr. Stekelman. Compl. at 6.[3] This claim was brought under 5 U.S.C. § 5596(b)(1)(A)(ii). Plaintiffs seek $78,232 in damages plus interest, $26,076 as reasonable attorneys' fees, and "all costs and fees permitted by law." Compl. at 7-8.

---

[1]The attachment is not paginated. Citations to particular portions of the attachment refer to the pages in the order in which they actually appear.

[2]The government does argue that Dr. Stekelman failed to exhaust her administrative remedies before OPM "because there is no indication that [she] h[as] requested reconsideration of the newly calculated amount." Def.'s Reply in Support of its Motion to Dismiss at 3 n.2. This claim ignores plaintiffs' letter to OPM dated January 25, 2018, a copy of which is attached to the complaint. *See* Compl. Attach. at 8.

[3]Mr. Edelman is a retired attorney who remains in good standing to practice law in New York. Compl. at 3.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

Plaintiffs allege that OPM miscalculated the total amount Dr. Stekelman was owed, and seek monetary relief and reasonable attorneys' fees. *See* Compl. at 8. The government asserts that MSPB, not this court, has jurisdiction over "claims related to the calculation of retirement annuities." Def.'s Mot. at 7 (citing *Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1377 (Fed. Cir. 2006)). Plaintiffs respond that jurisdiction "is most certainly not the issue before the [c]ourt." Pls.' Opp'n at 4. Instead, they contend that because their claim "exceeds the sum of $10,000.00, the only court having exclusive jurisdiction under the Tucker Act," 28 U.S.C. § 1491(a), is this court. Pls.' Opp'n at 4. They cite *United States v. Gerlach Live Stock Co.*, 339 U.S. 725, 755 (1950), to argue that this court maintains jurisdiction over cases "by which relief may be granted wherein the [g]overnment has failed to pay money and the claimant asserts that a particular provision of [l]aw grants him the right to be paid a sum certain." Pls.' Opp'n at 4 (internal citation omitted).

Plaintiffs' argument is ultimately unconvincing. This court cannot exercise jurisdiction over matters "adjudicating retirement benefit claims when the underlying dispute rests on personnel action subject to OPM administration, and [MSPB] review." *Agee v. United States*, 77 Fed. Cl. 84, 88 (2007) (citing *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 770, 775 (1985)). "[MSPB] has jurisdiction over appeals arising from OPM's administration of the Federal Employees' Retirement System Act, 5 U.S.C. §§ 8401-79." *Miller*, 449 F.3d at 1377. The United States Court of Appeals for the Federal Circuit, in turn, has jurisdiction over appeals of MFPB decisions. 5 U.S.C. § 7703(b)(1)(A). When "the MSPB and the Federal Circuit clearly have jurisdiction over the 'subject matter' of [p]laintiffs' underlying adverse personnel actions . . . they, and not this [c]ourt, have jurisdiction over the monetary claims[,] back pay[,] and attorney fees, which are based upon those adverse actions." *Sacco v. United States*, 63 Fed. Cl. 424, 429 (2004) (citing *Salinas v. United States*, 323 F.3d 1047, 1049-50 (Fed. Cir. 2003)). Plaintiffs' dispute is centered on an issue subject to MSPB review because they disagree with the most recent calculation by OPM of Dr. Stekelman's retirement annuity. Thus, the court lacks jurisdiction over plaintiffs' retirement annuity claim.

As to plaintiffs' assertion that this court has jurisdiction to hear every claim against the government, *see* Pls.' Opp'n at 4, plaintiffs ignore the post-1982 precedents on the outer boundaries of the Tucker Act with respect to adverse personnel actions. *See, e.g.*, *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir. 1985); *Agee*, 77 Fed. Cl. at 84; *Hannon v. United States*, 48 Fed. Cl. 15, 23 (2000). *Gerlach*, the only case cited by plaintiffs to contest the defendant's jurisdictional argument, was decided prior to enactment of the Federal Courts Improvement Act of 1982, which granted the appellate jurisdiction of this court's predecessor to the then newly-created Federal Circuit. *Lindahl*, 470 U.S. at 775.

Finally, in their briefing, the parties have touched on whether Mr. Edelman, as a current *pro se* litigant, can be awarded attorney fees. The government contends that *pro se* litigants "cannot recoup attorney['s] fees that were never actually incurred." Def.'s Reply in Support of its Mot. to Dismiss at 4, ECF No. 10. Any decision regarding attorney fees related to a claim within MSPB's jurisdiction must be resolved by MSPB, and is subject to review by the Federal Circuit. *See Naekel v. Department of Transp.*, 845 F.2d 976, 978 (Fed. Cir. 1988); 5 U.S.C. § 7703. Therefore, this court does not have jurisdiction to decide plaintiffs' claim to attorney's fees.

## CONCLUSION

For the reasons stated, the government's motion to dismiss plaintiffs' complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge